UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

OMAR J. TALLEY,

Petitioner,

v.

BRIAN WILLIAMS, *et al.*,

Respondents.

Case No. 3:13-cv-00573-MMD-VPC

ORDER

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 13) and respondents' answer (dkt. no. 17). The Court finds that petitioner is not entitled to relief, and the Court denies the petition.

Petitioner and his co-defendant Maurice King were charged in a criminal complaint with the following crimes:

1. First-degree kidnaping;
2. Pandering of a child;
3. Pandering: Furnishing transportation;
4. Living from the earnings of a prostitute; and
5. Child endangerment.

Exh. 2 (dkt. no. 18). At the preliminary hearing, the justice of the peace bound petitioner and King over to the district court for trial on counts 1, 2, 3, and 5. The justice of the peace found that there was no evidence that the victim had committed an actual act of prostitution, and thus did not bind the two defendants over for trial on count 4 of the criminal complaint. Exh. 4 (dkt. no.18).

Co-defendant King moved to sever his trial from petitioner's trial. Exh. 14 (dkt. no. 18). The state district court granted the motion. Exh. 7, at 25 (dkt. no. 18).[1]

The prosecution sought admission of evidence of petitioner's prior criminal conduct. Petitioner had been arrested on another charge of pandering, and he pleaded guilty to attempted pandering, a gross misdemeanor. The state district court denied the prosecution's motion to admit the evidence during the prosecution's case-in-chief but noted that the trial judge could address the issue of impeachment.[2] Exh. 7, at 29 (dkt. no. 18).

With renumbering of the counts and some amendments on the date of the trial, petitioner ultimately was charged with:

   1.   First-degree kidnaping;
   2.   Pandering of a child;
   3.   Pandering: Furnishing transportation to a child;
   4.   Child abuse and neglect.

Exh. 31 (dkt. no. 19). The jury found petitioner not guilty of count 1 and guilty of counts 2, 3 and 4. Exh. 34 (dkt. no. 19). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 56 (dkt. no. 20).

Frank Kocka represented petitioner in pre-trial proceedings, through trial, and on direct appeal.

Petitioner filed a post-conviction habeas corpus petition and a supporting memorandum in the state district court. Exh. 61, Exh. 62 (dkt. no. 20). The state district court denied the petition. Exh. 72 (dkt. no. 20). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 81 (dkt. no. 21).

///

---

[1] Exhibit 7 contains the docket sheet and the minutes of the state district court. Page numbers in the court's citations to Exhibit 7 are generated by the court's electronic docketing system.

[2] Different judges presided over the motion to admit prior-bad-act evidence and over the trial.

Petitioner then commenced this action. The five grounds for relief in the petition (dkt. no. 13) are photocopies of the grounds that he presented in his state habeas corpus petition's supporting memorandum. *See* Exh. 62 (dkt. no. 20).

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Richter*, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

///

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Richter*, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 103.

All five grounds for relief are claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, 562 U.S. at 105 (citations omitted).

Ground 1 is a claim that trial counsel provided ineffective assistance because he did not try promptly to obtain evidence that petitioner argues would have been

4

favorable. First, counsel did not try to obtain security-camera videotape from Fashion Q, where the victim stated that petitioner had her buy clothes for prostitution. Second, counsel did not try promptly to obtain a statement from the driver of a taxi cab in which the victim stated that she rode with petitioner, co-defendant King, and another woman after King's car broke down. On this issue, the Nevada Supreme Court held:

> First, appellant claimed that trial counsel was ineffective for failing to investigate and obtain surveillance video from a clothing store and information regarding a cab company, which would have revealed that appellant was not with the victim on two occasions. Appellant failed to demonstrate that he was prejudiced, as he did not demonstrate that any such evidence would have been material to the charges of pandering of a child, pandering by furnishing transportation to a child, or child abuse and neglect. Therefore, the district court did not err in denying this claim.

Exh. 81, at 2 (dkt. no. 21). The Court agrees with respondents. The Nevada Supreme Court reasonably could have concluded that petitioner did not suffer ineffective assistance of counsel, because petitioner did not explain in the state court petition how this evidence, even if it existed, would have created a reasonable probability of a different result at trial. Ground 1 is without merit.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 1.

In ground 2, petitioner alleges that counsel failed on three issues:

1. Counsel should have known that accomplice testimony required corroboration by other evidence, and the victim in this case was an accomplice.

2. Counsel should have filed a pre-trial petition for a writ of habeas corpus based upon the preliminary hearing judge's comments that petitioner did not finalize the crime or was not successful in the crime.

3. Counsel did not argue in closing that the receipts from Fashion Q and Auto Zone did not corroborate the victim's testimony that she and petitioner went to those stores, and counsel did not move for a judgment of acquittal because the trial had borne out the comments of the justice of the peace that petitioner did not finalize the crime

The Nevada Supreme Court held:

> Second, appellant claimed that trial counsel was ineffective for failing to move for dismissal of the charges at the preliminary hearing and at trial because there was no evidence corroborating the victim's testimony.

5

> Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Contrary to appellant's assertion, the juvenile victim was not an accomplice to the crimes of pandering and child abuse and neglect, and no corroboration was required. *See* NRS 175.291; NRS 201.300(1)(a); NRS 201.340(1); NRS 200.508; *Ford v. State*, 127 Nev. ___, ___, 262 P.3d 1123, 1128 (2011). Appellant also appeared to claim that counsel should have sought to dismiss the charges because there was no evidence that the victim actually engaged in prostitution. However, this claim lacks merit, as the crime of pandering is "an inchoate crime of solicitation," not actual prostitution. *See* NRS 201.300(1)(a); *Ford*, 127 Nev. at ___, 262 P.3d at 1130, 1133. Therefore, the district court did not err in denying this claim.

Exh. 81, at 2 (dkt. no. 21). The accomplice-corroboration statute states:

> 1.   A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.
>
> 2.   An accomplice is hereby defined as one who is liable to prosecution, *for the identical offense charged* against the defendant on trial in the cause in which the testimony of the accomplice is given.

Nev. Rev. Stat. § 175.291 (emphasis added). The victim in this case could not pander herself. *See* Nev. Rev. Stat. § 201.300(1)(a) (1997). She could not furnish herself transportation for the purpose of pandering herself, as the statute was written. *See* Nev. Rev. Stat. § 201.340(1) (1997). She could not commit child abuse upon herself. *See* Nev. Rev. Stat. § 200.508. In other words, the victim could not be liable *for the identical offenses charged* against petitioner, and thus she was not an accomplice within the meaning of Nev. Rev. Stat. § 175.291. The Nevada Supreme Court reasonably could have concluded that counsel did not provide ineffective assistance by not raising the accomplice-corroboration requirement.

Regarding the lack of a pre-trial petition for a writ of habeas corpus, petitioner takes the preliminary hearing judge's comments out of context. After the preliminary hearing testimony, the justice of the peace dismissed the count of living from the earnings of a prostitute because the statute requires an underlying act of prostitution, and in this case no prostitution actually occurred. Exh. 4, at 105 (dkt. no. 18). The

discussion turned to bail. In responding to *co-defendant King's counsel*, the judge stated:

> Again, taking everything as a whole I still think your client [Maurice King, the co-defendant] had some involvement, but for the fact that this didn't come to fruition they didn't finalize the crime itself or weren't successful doesn't mean they didn't try. . . .

Exh. 4, at 110 (dkt. no. 18). The first part of that sentence applies only to the co-defendant King, who had been arguing that no evidence for any charge was presented against him at the preliminary hearing. The second part of the sentence appears to apply both to petitioner and to the co-defendant King. However, the judge was not referring to the crimes that he had bound over to the district court. He was referring to the count of living from the earnings of a prostitute that he had just dismissed because the required underlying action of prostitution had not occurred. The other charges did not require an underlying act of prostitution, and the judge was not saying that those crimes had not occurred. The Nevada Supreme Court reasonably could have concluded that the lack of a pre-trial habeas corpus petition was not ineffective assistance of counsel.

Petitioner's third point is largely a retrospective look on his first two points from the end of the trial. First, he argues that the statement of the justice of the peace that petitioner did not finalize the crime was borne out by the trial, that the victim's testimony had changed. However, as noted above, the justice of the peace was referring to the crime of living from the earnings of a prostitute, which did not occur because the victim never successfully prostituted herself. Petitioner has a faulty premise that the justice of the peace stated that none of the crimes occurred. Second, he argues that the receipts from Auto Zone and Fashion Q were not sufficient corroboration for the testimony of the accomplice. However, the accomplice-corroboration requirement did not apply because the victim was not an accomplice within the meaning of § 175.291. The Nevada Supreme Court reasonably could have concluded that petitioner did not receive ineffective assistance of counsel on this issue.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 2.

In ground 3, petitioner claims that counsel provided ineffective assistance because counsel did not advise petitioner adequately on whether to testify. On this issue, the Nevada Supreme Court held:

> Third, appellant claimed that trial counsel was ineffective for failing to adequately advise appellant as to whether he should testify. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant failed to explain what advice counsel gave him and how it was improper. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Furthermore, this court concluded on direct appeal that the district court properly admonished appellant and that appellant acknowledged that he understood the admonishments. *Talley v. State*, Docket No. 56288 (Order of Affirmance, March 17, 2011). Therefore, appellant failed to demonstrate that he was not properly informed of his right to testify. Accordingly, the district court did not err in denying this claim.

Exh. 81, at 2-3 (dkt. no. 21). On the underlying issue, the Nevada Supreme Court held on direct appeal:

> Appellant Omar Talley contends that the district court's inadequate admonishments on his privilege against self-incrimination, right to testify on his own behalf, and the effect his decision to testify may have on the admissibility of prior bad act evidence precluded him from making an informed decision on whether to testify. Because Talley did not object to the district court's admonishments, we review for plain error. *See* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The record reveals that the district court properly admonished Talley and he acknowledged that he understood the admonishments. *See generally Phillips v. State*, 105 Nev. 631, 632-33, 782 P.2d 381, 328 (1989) (discussing the privilege against self-incrimination and the right to testify). Accordingly, we conclude that there was no error . . . .

Exh. 56, at 1-2 (dkt. no. 20). As noted above, the prior-bad-act evidence in this case was a conviction for attempted pandering, a gross misdemeanor. The judge hearing the motion to admit the evidence ruled that the prosecution could not admit evidence of that conviction in the prosecution's case in chief. The judge hearing the motion left to the trial judge the issue of whether the prior conviction could be admitted to impeach petitioner if he testified.

///

The Nevada Supreme Court's statement of what petitioner failed to allege in his state habeas corpus petition is correct. Petitioner did not allege what advice counsel gave him and how it was faulty. Therefore, the Nevada Supreme Court reasonably could have concluded that petitioner had not demonstrated ineffective assistance of counsel. Ground 3 is without merit.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 3.

In ground 4, petitioner alleges that counsel was ineffective because he did not understand the difference between an objection to a racially motivated peremptory challenge of a juror and an objection that the jury venire did not represent a fair cross-section of the community. On this issue, the Nevada Supreme Court held:

> Fourth, appellant claimed that trial counsel was ineffective for failing to provide case law in support of his objection to the cross-section of the jury pool. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate a prima facie violation of the fair cross-section requirement. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979); *Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005). Notably, appellant provided no information to demonstrate systematic exclusion of minorities. *See Williams*, 121 Nev. at 939-40, 125 P.3d at 631. Therefore, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised further arguments regarding this issue. Accordingly, the district court did not err in denying this claim.

Exh. 81, at 3 (dkt. no. 21).

> In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). Counsel moved that the jury did not represent a fair cross-section of the community, because only one African American individual was in the jury venire. Counsel specifically stated that he was not objecting to a racially motivated peremptory challenge. Exh. 24, at 200 (dkt. no. 18). *See also Batson v. Kentucky*, 476 U.S. 79 (1986). The prosecution responded that the one black

///

person was selected for the jury, and so a *Batson* objection would not stand. Exh. 24, at 201 (dkt. no. 18). The state district court denied the motion. *Id.* at 202 (dkt. no. 18).

Contrary to petitioner's allegations, counsel did understand the law and the difference between an argument that the jury pool did not represent a fair cross-section of the community and a *Batson* objection. The problem was that counsel could not establish the second and third elements of such a challenge, as described in *Duren*. Petitioner himself made no effort to establish a prima facie violation in his state habeas corpus petition. This was not deficient performance by counsel, instead, the facts simply did not support his challenge. The prosecutor explained how people were selected into the jury pool and how the county did not use a biased process. The Nevada Supreme Court reasonably could have concluded that counsel did not provide ineffective assistance.

Ground 4(a) is a claim that appellate counsel provided ineffective assistance because he did not raise the fair cross-section issue on direct appeal.[3] The Nevada Supreme Court held:

> First, appellant claimed that appellate counsel was ineffective for failing to challenge the jury pool on appeal. Appellant failed to demonstrate the counsel's performance was deficient or that he was prejudiced because, as discussed above, he failed to demonstrate a prima facie violation of the fair cross-section requirement. Therefore, the district court did not err in denying this claim.

Exh. 81, at 4 (dkt. no. 21). The Nevada Supreme Court noted correctly that the state habeas corpus petition had no demonstration of a prima facie violation of the fair cross-section requirement. Its determination that appellate counsel did not provide ineffective assistance is a reasonable application of *Strickland*.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability for grounds 4 and 4(a).

///

///

---

[3]Ground 4 does not contain any other parts, such as ground 4(b).

10

1    Ground 5 is a claim that appellate counsel provided ineffective assistance because he did not raise the issue that insufficient evidence existed to support the verdicts of guilt. On this issue, the Nevada Supreme Court held:

> Second, appellant claimed that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. The victim's testimony provided sufficient evidence for a rational juror to infer that appellant engaged in pandering of a child, pandering by furnishing transportation to a child, and child abuse and neglect. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Specifically, the victim testified that appellant convinced her to leave her home and engage in prostitution and she would not have done it otherwise, and that appellant drove the victim to a location for prostitution. NRS 201.300(l)(a); NRS 201.340(1); NRS 200.508. To the extent that appellant argues that the victim's testimony was inconsistent and incredible, the weight and credibility of testimony is for the jury to decide. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). Because appellant failed to demonstrate a reasonable probability of success had appellate counsel challenged the sufficiency of the evidence on direct appeal, the district court did not err in denying this claim.

Exh. 81, at 4-5 (dkt. no. 21). The Court has read the testimony of the victim, and the Nevada Supreme Court's summary is accurate. *See* Exh. 25 (dkt. no. 18), 30 (dkt. no. 19). The Nevada Supreme Court reasonably could have concluded that appellate counsel did not provide ineffective assistance when counsel did not raise a sufficiency-of-evidence challenge on direct appeal. Ground 5 is without merit.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 5.

It is therefore ordered that the petition for a writ of habeas corpus (dkt. no. 13) is denied. The Clerk of the Court is directed to enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 25th day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE